IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEVI C. EVANGELISTA,<br><br>      Plaintiff,<br><br>  v.<br><br>JASON E. DASHOW, CHRISTINA DUBE, and ROBERT LAWRENCE,<br><br>      Defendants. | Case No. 3:22-cv-00144-JMK |

## **ORDER**

Pending before the Court are Plaintiff's Motion for Court Appointed Counsel and Plaintiff's Motion to Correct the Spelling of Defendant Dr. Jason E. Dashow's last name[1] and Plaintiff's Motion for Appointment of Counsel.[2] Defendants filed a non-Opposition to Plaintiff's Motion to Correct the Spelling of Defendant Dashow's name.[3] Therefore, Plaintiff's unopposed motion at Docket 23 is GRANTED. However, for the reasons explained below, Plaintiff's Motion for Appointment of Counsel is DENIED.

---

[1] Docket 23

[2] Docket 20.

[3] Docket 31.

A litigant has no federal right to an appointed attorney in a civil action.[4] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[5]

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).[6]

The Court has carefully reviewed Plaintiff's concerns. At this stage of the litigation, the Court cannot evaluate Plaintiff's likelihood of success on the merits. Further, although section 1915(e)(1) permits the Court to request a volunteer attorney, this Court has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. Most importantly, considering the filings thus far in this case, Plaintiff has demonstrated that he is able to articulate his claims, understand the legal issues involved, and comply with the applicable rules of civil

---

[4] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[5] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[6] *Id*.; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

procedure, such that this case is not an "exceptional" one that necessitates the assistance of counsel. The Court will refer this case to the Federal Pro Bono Project. If a volunteer attorney comes forward to accept this case, the Court will appoint counsel at that time.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to correct the spelling of Defendant Dr. Jason E. Dashow's name at Docket 23 is **GRANTED**.

2. The Clerk of Court is directed to change the caption of this suit to be as reflected in the caption of this order and the case is renamed *Evangelista v. Dashow, et al.* All future filings should use this updated caption.

3. Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE.**

DATED this 29th day of August, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE