| | |
|---|---|
| LEVI C. EVANGELISTA,<br><br>                Plaintiff,<br><br>    v.<br><br>JASON E. DASHOW,<br>CHRISTINA DUBE, and<br>ROBERT LAWRENCE,<br><br>                Defendants. | Case No. 3:22-cv-00144-JMK |

## ORDER RE MOTIONS TO DISMISS

On September 28, 2023, Defendant Robert Lawrence filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[1]  Plaintiff must serve and file any opposition to the motion to dismiss as provided in the Federal Rules of Civil Procedure, the Local Civil Rules, and Court orders.  The following sets out the legal standards applicable to a motion to dismiss.

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  To determine whether a complaint states a valid claim for relief, a court considers whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief

---

[1] Docket 34.

that is plausible on its face."[2] In conducting its review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[3] The Court resolves a motion under 12(b)(6) by evaluating only the complaint before it; therefore, no additional evidence should be filed to support the complaint when responding to a motion to dismiss.

A plaintiff has the right to respond to a motion to dismiss. A failure to respond to a motion to dismiss could be deemed as an admission that the motion is well-taken, result in a summary ruling, and end the case as to that defendant.[4]

**IT IS THEREFORE ORDERED:**

1. Plaintiff has **21 days from the date of this order** to file with the Court any opposition to Defendant's motion to dismiss. A copy of the opposition must also be served each Defendant, or on any attorney that has appeared on behalf of a Defendant in this action. *See* Rule 5, Federal Rules of Civil Procedure.

2. Defendant has **14 days** after service of Plaintiff's opposition to serve and file an optional reply.

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[3] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[4] *See generally* Local Civil Rule 7.1(h).

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order re Motions to Dismiss
Page 2 of 3
Case 3:22-cv-00144-JMK   Document 36   Filed 10/06/23   Page 2 of 3

3.      At all times, Plaintiffs shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[5] The notice shall contain only information about the change of address, and its effective date. The notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

DATED this 6th day of October, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[5] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order re Motions to Dismiss
Page 3 of 3
Case 3:22-cv-00144-JMK   Document 36   Filed 10/06/23   Page 3 of 3