IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEVI C. EVANGELISTA,<br><br>  Plaintiff,<br><br>vs.<br><br>JASON E. DASHOW; CHRISTINA DUBE; and ROBERT LAWRENCE;<br><br>  Defendants. | Case No. 3:22-cv-00144-JMK<br><br>**ORDER DENYING<br>MOTION TO DISMISS** |

Before the Court are two motions. At Docket 34, Defendant Dr. Robert Lawrence moves to dismiss for failure to state a claim. And, at Docket 37, Plaintiff Levi Evangelista, proceeding *pro se*, moved for an extension of time to file an opposition.

Mr. Evangelista motion is **GRANTED** and his opposition at Docket 38 is accepted as timely filed. Dr. Lawrence's motion is **DENIED**.

## I. BACKGROUND

This is a civil rights action seeking damages for the denial of appropriate medical care while Mr. Evangelista was incarcerated at Anchorage Correctional Complex.[1] Mr. Evangelista alleges that, on June 30, 2021, August 6, 2021, September 1, 2021, and

---

[1] *See* Docket 18.

February 2, 2022, Defendants Dr. Jason Dashow and Christina Dube, R.N., performed oral surgical procedures and left oral and outer cheek wounds open, causing Mr. Evangelista to suffer bacterial infections, disfigurement, and physical and psychological trauma.[2] Mr. Evangelista alleges that, each time, he reported the issue to Department of Corrections staff, who documented his injuries with photos and in writing.[3] Mr. Evangelista further alleges that Dr. Robert Lawrence (who served as the Chief Medical Officer at the Department of Corrections) and the Medical Advisory Committee were aware that Dr. Dashow and Ms. Dube had negligently performed these procedures, but refused to take measures to prevent further injury.[4]

With respect to Dr. Lawrence, Mr. Evangelista appears to assert a claim for denial of medical care under § 1983.[5]

## II. LEGAL STANDARD

A party may move for dismissal when a plaintiff's complaint "fails to state a claim upon which relief can be granted."[6] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[7] Conclusory statements, unwarranted inferences, and "[t]hreadbare recitals of the elements of a cause of action" will not defeat dismissal; a plaintiff must "plead[] factual content that allows the court to draw the

---

[2] *Id.* at 3–7.
[3] *Id.*
[4] *Id.* at 7–8.
[5] *Id.*
[6] Fed. R. Civ. P. 12(b)(6).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

*Evangelista v. Dashow, et al.* Case No. 3:22-cv-00144-JMK
Order Denying Motion to Dismiss Page 2
Case 3:22-cv-00144-JMK   Document 41   Filed 05/15/24   Page 2 of 4

reasonable inference that the defendant is liable for the misconduct alleged."[8]  In reviewing the motion to dismiss, the court construes all facts alleged in the complaint in the light most favorable to the plaintiff.[9]  Ultimately, dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief."[10]

### III. DISCUSSION

Dr. Lawrence moves to dismiss Mr. Evangelista's complaint and argues that "[a]ssuming all [the facts alleged] are taken as true, none amount to a claim for damages under any recognized theory."[11]  As the movant, Dr. Lawrence bears the burden of showing that "the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief."[12]  Here, Dr. Lawrence does not identify what he believes Mr. Evangelista's claim is or cite any applicable authority.  He provides two paragraphs of cursory legal analysis without any citation to statute, case law, or other legal authority.  It is not this Court's duty to identify a plaintiff's claims, research the applicable law, and

---

[8] *Iqbal*, 556 U.S. at 672.
[9] *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).
[10] *Laborers' Int'l Union of N. Am., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 1000 (D. Alaska 2020) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).
[11] Docket 35 at 4.
[12] *Laborers' Int'l Union of N. Am., Loc. 341*, 435 F. Supp. 3d at 1000 (quoting *Arpin*, 261 F.3d at 923); *see also Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) (noting the consensus among federal courts that "Federal Rule 12(b)(6) places th[e] burden [of persuasion] on the moving party").

*Evangelista v. Dashow, et al.*  Case No. 3:22-cv-00144-JMK
Order Denying Motion to Dismiss  Page 3
Case 3:22-cv-00144-JMK   Document 41   Filed 05/15/24   Page 3 of 4

apply it to the alleged facts.[13] Dr. Lawrence has wholly failed to carry his burden under Rule 12(b)(6). Accordingly, the *Motion to Dismiss* is **DENIED**.

## IV. CONCLUSION

Mr. Evangelista's *Motion for* Extension of Time at Docket 37 is **GRANTED,** and his opposition at Docket 38 is accepted as timely filed. Dr. Lawrence's *Motion to Dismiss* at Docket 34 is **DENIED**.

IT IS SO ORDERED this 15th day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[13] *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that Court may not litigate the issues for a party and need not consider issues not specifically argued).