IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEVI C. EVANGELISTA,<br><br>    Plaintiff,<br> v.<br><br>DR. JASON E. DASHOW, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00144-SLG |

### ORDER RE PENDING MOTIONS

Before the Court at Docket 61 is Defendant Robert Lawrence's Motion to File under Seal. Also before the Court at Dockets 68 and 71 are Plaintiff Levi Evangelista's Motion to Delay and Motion for Notice of Clarification. Dr. Lawrence filed a non-opposition to the Motion to Delay at Docket 69 and Defendants Jason Dashow and Christina Dube filed a qualified non-opposition at Docket 70. Defendants did not respond to the Motion for Notice of Clarification.

### DISCUSSION

**I. Dr. Lawrence's Motion to File under Seal**

Dr. Lawrence moves the court for leave to file his memorandum in support of the motion for summary judgment and exhibits under seal because they contain confidential medical information concerning Mr. Evangelista.[1] He submits that it is

---

[1] Docket 61.

not feasible or practicable to file a redacted version of the memo and accompanying exhibits.[2] Dr. Lawrence's co-defendants did not oppose. Mr. Evangelista did not respond directly to this motion.[3]

The Court will address Dr. Lawrence's motion for summary judgment in a separate order after the motion becomes ripe in January 2025. Now before the Court is whether Dr. Lawrence's summary judgment filings should be sealed. As a general rule, the public is permitted "access to litigation documents and information produced during discovery."[4] For dispositive motions, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."[5] "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."[6]

Dr. Lawrence maintains that redaction of his memorandum in support of his motion for summary judgment and attached exhibits is not practical or feasible.

---

[2] Docket 61 at 1–2; Docket 62.

[3] Docket 65.

[4] *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1210 (9th Cir. 2002); *see San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

[5] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Insurance. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[6] *Id.* at 1178–79 (internal quotation marks, citations, and alterations omitted).

Case No. 3:22-cv-00144-SLG, *Evangelista v. Dashow, et al.*
Order re Pending Motions
Page 2 of 6
Case 3:22-cv-00144-SLG   Document 72   Filed 10/25/24   Page 2 of 6

But the Court has reviewed the filings and determined that redaction is feasible. The "Facts and Background" section of the memorandum in support of the summary judgment motion discusses Mr. Evangelista's medical history; as such, there are compelling reasons it should remain sealed.[7] However, the balance of the memorandum does not discuss Mr. Evangelista's health in detail.[8] Moreover, Mr. Evangelista detailed his medical history in his First Amended Complaint without requesting that the filing be sealed.[9] Members of the public may have an interest in Mr. Evangelista's claims and the arguments that Dr. Lawrence makes in defense of his allegations. Therefore, apart from the "Facts and Background" section, the balance of the memorandum should be available to the public.

The Court also finds that there are compelling reasons for the medical records themselves to remain under seal. With the exception of those filed at Dockets 62-3 and 62-31, the exhibits are either medical records or exclusively contain medical information about Mr. Evangalista.[10]

Accordingly, the motion to file under seal is GRANTED IN PART AND DENIED IN PART. Dr. Lawrence shall file a redacted version of his memorandum in support of the motion for summary judgment as described above and the

---

[7] *See* Docket 62-1 at 6–15.

[8] *See* Docket 62-1 at 15–30.

[9] Docket 18 at 3–8; Docket 18-1.

[10] *See* Docket 62.

Case No. 3:22-cv-00144-SLG, *Evangelista v. Dashow, et al.*
Order re Pending Motions
Page 3 of 6
Case 3:22-cv-00144-SLG   Document 72   Filed 10/25/24   Page 3 of 6

exhibits at Dockets 62-3 and 62-31 on the public docket **within 14 days of this order**. The remaining exhibits and the balance of the sealed memorandum shall remain sealed and are accepted as filed at Docket 62.

## II.     Mr. Evangelista's Motion to Delay

Mr. Evangelista moves the Court for a 90-day delay "in all Plaintiff's responses and court filings."[11] He asserts that he is scheduled to go to a medical clinic, is having his medical records reviewed, and is seeking to obtain legal counsel.[12] He also indicates he intends to request further discovery.[13] Dr. Lawrence, Dr. Dashow, and Ms. Dube respond that they do not oppose a delay in this case so long as it does not extend further than January 2025.[14]

Given Defendants' qualified non-opposition and good cause being shown, the Court will extend the deadline for Mr. Evangelista to oppose the pending motion for summary judgment until **January 6, 2025**. Rule 56(d) of the Federal Rules of Civil Procedure provides that a court may "allow time . . . to take discovery" or "issue any other appropriate order" when the nonmovant on summary judgment "cannot present facts essential to justify its opposition." Mr. Evangelista's need for medical treatment and search for counsel present circumstances that warrant a

---

[11] Docket 68.

[12] Docket 68 at 1.

[13] Docket 68 at 1.

[14] Docket 69 at 2; Docket 70 at 1.

Case No. 3:22-cv-00144-SLG, *Evangelista v. Dashow, et al.*
Order re Pending Motions
Page 4 of 6
Case 3:22-cv-00144-SLG     Document 72     Filed 10/25/24     Page 4 of 6

Rule 56(d) extension. Although the deadline for Mr. Evangelista's response to Dr. Lawrence's motion is extended, discovery may continue in the interim. The Court will also provide Mr. Evangelista a warning with respect to summary judgment in a separate order.

III. **Mr. Evangelista's Motion for Notice of Clarification**

Finally, Mr. Evangelista filed a motion clarifying that the opposition he filed at Docket 65 on September 9, 2024 was not an opposition to summary judgment, but rather his objection to proceeding before a magistrate judge.[15] He further indicates that he is seeking counsel and intends to request further discovery and oppose the summary judgment motion by December 14, 2024.[16]

This case has not been reassigned to a magistrate judge.[17] And, as the Court has discussed above, the deadline to respond to the pending motion for summary judgment will be extended while Mr. Evangelista seeks counsel. Mr. Evangelista has not requested any specific relief in this filing but appears to be clarifying a previous filing. Because no additional relief is sought, Mr. Evangelista's motion at Docket 71 is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court rules as follows:

---

[15] Docket 71 at 1.

[16] Docket 71 at 1.

[17] Docket 63.

Case No. 3:22-cv-00144-SLG, *Evangelista v. Dashow, et al.*
Order re Pending Motions
Page 5 of 6
Case 3:22-cv-00144-SLG   Document 72   Filed 10/25/24   Page 5 of 6

1. Dr. Lawrence's Motion to File under Seal at Docket 61 is GRANTED IN PART AND DENIED IN PART. Dr. Lawrence shall file a redacted version of his memorandum in support of the motion for summary judgment and the exhibits at Dockets 62-3 and 62-31 on the public docket **within 14 days of this order.**

2. Mr. Evangelista's Motion for Delay at Docket 68 is GRANTED. The deadline for Mr. Evangelista to file an opposition to Dr. Lawrence's motion for summary judgment is extended until **January 6, 2025**.

3. Mr. Evangelista's Motion for Notice of Clarification at Docket 71 is DENIED.

DATED this 25th day of October, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00144-SLG, *Evangelista v. Dashow, et al.*
Order re Pending Motions
Page 6 of 6
Case 3:22-cv-00144-SLG   Document 72   Filed 10/25/24   Page 6 of 6